JUSTINA K. SESSIONS
(CA State Bar No. 270914)
**FRESHFIELDS US LLP**
855 Main Street
Redwood City, CA 94063
(650) 618-9250
justina.sessions@freshfields.com

*Attorney for Defendant*
GOOGLE LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ANSOUMANE KANDE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendants.* | Case No. (Previously 25-cv-462648)<br><br>**NOTICE OF REMOVAL FROM SANTA CLARA COUNTY SUPERIOR COURT**<br><br>[28 U.S.C. §§ 1332(d) and 1453]<br>Complaint Filed: April 3, 2025<br>Trial Date: None Set |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d) and 1453, Defendant Google LLC hereby gives notice of removal of this action, *Kande v. Google LLC*, Case No. 25CV462648, from the Superior Court of the State of California, County of Santa Clara to the United States District Court for the Northern District of California. As grounds for removal, Defendant states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff Ansoumane Kande filed this putative class action in California state court, alleging Defendant Google LLC engaged in "illegal monopolization and tying schemes" in relation to "the market for self-service ad-buying tools." Ex. A, Complaint ("Compl.") at p. 1. Plaintiff

seeks to hold Defendant liable for that purportedly anticompetitive conduct, asserting various state-law claims individually and as a representative of a putative class. *Id.* ¶¶ 184-245. Plaintiff admits that the putative class is pursuing the same or substantially similar claims in U.S. Federal Court, and that he has filed the instant action to avoid or re-litigate the Federal Court's ruling on the arbitrability of certain claims. *Id.* ¶ 7.

2. Because the proposed class meets the removal requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, Defendant is entitled to remove the action to federal court. Such removal vindicates Congress's "'intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.'" *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) (quoting S. Rep. No. 109-14, at 35 (2005)).

## BACKGROUND

3. On April 3, 2025, Plaintiff filed this action in the Superior Court of the State of California, County of Santa Clara, bearing Case No. 25CV462648. Venue exists in this Court because the Superior Court of the State of California for the County of Santa Clara is located within the Northern District of California.

4. On April 11, 2025, the Superior Court issued an Order designating the action as complex. Ex. B. That same day, Plaintiff served Defendant with the initial Summons, Ex. C., and Complaint. There have been no further proceedings in California Superior Court and no other process, pleadings, or orders have been served on Defendant.

5. This Notice of Removal is timely because it is being "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

6. There are no other named Defendants in this matter and, in any event, the "action may be removed . . . without the consent of all defendants." 28 U.S.C. § 1453(b).

7. Plaintiff avers that Defendant "leveraged its monopoly in online search and search advertising to acquire an illegal monopoly in brokering display advertising." Compl. ¶ 4. According to Plaintiff, as a result of the purportedly anticompetitive conduct, the putative class

"suffered harm by paying higher prices due to Google's monopoly on the market for self-service ad-buying tools." *Id.* ¶ 128.

8. Plaintiff asserts violations of the California Cartwright Act, Cal. Bus. & Prof. Code §§ 16720 *et seq.*; the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and California's common law of the implied covenant of good faith and fair dealing. Compl. ¶¶ 197-245. Plaintiff brings claims individually and on behalf of a putative class defined as: "[a]ll persons and entities in California who, from January 1, 2021 to the present, placed display ads on websites operated by a non-Google entity via Google Ads." *Id.* ¶ 184. Plaintiff seeks "injunctive relief by seeking to enjoin Defendant from future violations of California's Unfair Competition Law and Cartwright Act." *Id.* ¶¶ 246-252. Plaintiff, on behalf of himself and the putative class, also seeks equitable relief, damages and/or restitution, attorneys' fees, pre-judgment and post-judgment interest, and other relief. *Id.* at p. 50.

9. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of California, County of Santa Clara, and Plaintiff is being duly served with written notice of the removal.

10. By filing a Notice of Removal in this matter, Defendant does not waive its rights to object to jurisdiction over the person, or venue; and Defendant specifically reserves its right to assert any defenses and/or objections to which it may be entitled, including invoking an arbitration agreement should it apply.

11. Defendant reserves the right to amend or supplement this Notice of Removal.

## BASIS FOR REMOVAL

12. The Court has subject matter jurisdiction over this action pursuant to CAFA. 28 U.S.C. §§ 1332(d), 1453.

13. Subject to certain limited exceptions not applicable here, *see* 28 U.S.C. § 1453(d), CAFA authorizes the removal of class actions from state to federal court where: "(1) there are one-hundred or more putative class members; (2) at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregated amount in controversy exceeds $5 million,

exclusive of costs and interest," *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6)).

14. As the party invoking federal jurisdiction, Defendant "ha[s] the burden of pleading" the jurisdictional prerequisites of numerosity, minimal diversity, and the amount in controversy. *See Ehrman*, 932 F.3d at 1227. To satisfy that burden, Defendant needs only "file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Id.* (quoting 28 U.S.C. § 1446(a)). Removal allegations are subject to "the same liberal rules . . . that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100-889, at 71 (1988)). Accordingly, removal allegations "need not contain evidentiary submissions," *id.* at 84, and "may be based on 'information and belief,'" *Ehrman*, 932 F.3d at 1227 (quoting *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014)).

### A. The putative class includes more than 100 persons and entities.

15. CAFA applies only to class actions with "one-hundred or more putative class members." *Washington*, 659 F.3d at 847 (citing 28 U.S.C. § 1332(d)(5)(B)).

16. The putative class action complaint alleges that "[t]he members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible." Compl. ¶ 187. The Complaint suggests that the class includes at least 805,514 individuals (although this figure appears to be cut-and-pasted from an unrelated complaint).[1] In any event, more than 100 Google Ads users meet Plaintiffs' proposed class definition. Ex. D, Declaration of Justina K. Sessions ("Sessions Decl.") ¶ 4.

17. Accordingly, the numerosity requirement is satisfied because, as alleged, there are one-hundred or more persons and entities that fit the class description.

---

[1] The complaint alleges that "[t]he Class is apparently identifiable within Defendant's records, and Defendant has represented in notice of removal filings that Defendant notified approximately 805,514 individuals that their Private Information may have been compromised in the Data Breach." Compl. ¶ 187. Defendant does not understand what data breach or representation Plaintiff is referring to.

### B.  Minimal diversity exists.

18. For CAFA purposes, minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant," or where "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(A), (B).

19. "To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A natural person's "state citizenship is then determined by her state of domicile," i.e., "her permanent home, where she resides with the intention to remain or to which she intends to return."  *Id.* (internal citations omitted).  Thus, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (internal citations omitted).

20. An incorporated entity "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business," i.e., its headquarters. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control and coordinate the corporation's activities.").

21. Finally, "[f]or purposes of [CAFA], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

22. Google LLC is a limited liability company organized under the laws of Delaware and headquartered in Mountain View, California.  Compl. ¶ 11.  For diversity purposes, Defendant is a citizen of Delaware and California.  *See Hertz Corp.*, 559 U.S. at 92-93.

23. Plaintiff alleges he is a citizen of California.  Compl. ¶ 9.

24. The putative class, however, is not defined to include only California *citizens*.  Instead, it encompasses "[a]ll *persons and entities **in** California* who, from January 1, 2021 to the present, placed display ads on websites operated by a non-Google entity via Google Ads."  Compl. ¶ 184 (emphasis added).

25. CAFA's minimal-diversity requirement is satisfied because at least one member of the putative class—*i.e.*, at least one "person[] [or] entit[y] in California . . . [that] placed display ads on websites operated by a non-Google entity via Google Ads"—is a citizen of a state other than California or Delaware. *See* 28 U.S.C. § 1332(d)(2)(A) (minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

26. Of the persons and entities that used Google Ads to place display ads on third-party websites during the alleged class period, many operate or do business in California but are citizens of states that are neither California nor Delaware. *See* Sessions Decl. ¶ 5. These entities would therefore each be members of the proposed class, but are citizens of a state different from Defendant. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (recognizing defendant as minimally diverse from class defined as "all California individuals, businesses and other entities who accepted Visa-branded cards in California since January 1, 2004" because the proposed class included California businesses operating in the state but not citizens thereof).

27. CAFA's minimal-diversity requirement is also satisfied because several members of the putative class are "citizen[s]… of a foreign state and any defendant is a citizen of a State." *See* 28 U.S.C. § 1332(d)(2)(B). The putative class includes many entities that operate or do business in California but are citizens of foreign countries. *See* Sessions Decl. ¶ 6.

  **C.**  **The amount in controversy requirement is satisfied.**

28. Under CAFA, the aggregated amount in controversy must exceed $5 million, exclusive of costs and interest. *See* 28 U.S.C. § 1332(d)(6). As the Supreme Court has explained, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Indeed, Defendant may simply "'assert that the jurisdictional threshold has been met,'" which "should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87, 89 (quoting H.R. Rep. No. 112-10, at 16 (2011)); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.") (internal citations omitted).

29. The Complaint does not seek a specified amount of damages. Nor does Plaintiff identify the purportedly supracompetitive prices he and the class paid as a result of Defendant's allegedly anticompetitive conduct; rather, Plaintiff avers generally that, over a period of greater than four years, putative class members "suffered harm by paying higher prices due to Google's monopoly on the market for self-service ad-buying tools." Compl. ¶ 128. Plaintiff claims that he and the class are entitled to "an award of damages and/or restitution to the Class in an amount to be determined at trial." *Id.* at p. 50.

30. Even a conservative estimate of the damages allegedly at issue satisfies CAFA's amount-in-controversy requirement.[2] *See Perez v. Rose Hill Co.*, 131 F.4th 804, 807 (9th Cir. 2025) ("[T]he [removing] defendant 'is permitted to rely on "a chain of reasoning that includes assumptions"' to calculate the amount in controversy.") (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019)). For example, Plaintiff alleges that digital display advertisements "generate billions of dollars in revenue per year for publishers" and that "Google keeps at least thirty cents . . . of each advertising dollar flowing from advertisers to website publishers through Google's ad tech tools." Compl. ¶¶ 1, 6. The complaint further alleges that "Google would earn far less in a competitive market." *Id.* ¶ 6. Even if the putative class alleges that it paid supracompetitive prices amounting to one cent of damages per advertising dollar on advertising spending of $1 billion per year, claimed damages would amount to $10 million per year.

31. In addition to damages, Plaintiff seeks equitable relief, including "injunctive relief" and "restitution." Compl. ¶¶ 246-252, p. 50. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy . . . encompasses all relief a court may grant on [the] complaint if the plaintiff is

---

[2] To be clear, Defendant denies that they charged supracompetitive prices or engaged in anticompetitive conduct. *See Ibarra*, 775 F.3d at 1198 n.1 ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceeding and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy.") (internal citations omitted).

victorious."). This additional requested relief further confirms the amount-in-controversy requirement is satisfied here. For example, Plaintiff seeks to "enjoin[]" or "[e]liminat[e]" Google's alleged monopoly "on the markets for self-service buying tools for display advertising and ad exchanges." Compl. ¶¶ 246, 249. Plaintiff further alleges that digital display advertising markets involve "billions of dollars" per year. Compl. ¶ 1. An injunction affecting even a fraction of these markets would easily satisfy the amount-in-controversy requirement.

32. Finally, Plaintiff requests an "award of attorneys' fees." Compl. at p. 50. Although, ordinarily, "a request for [attorneys'] fee[s] cannot be included in . . . the jurisdictional amount, . . . where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (quoting *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)). Here, California law permits the plaintiff to recover attorney's fees if he prevails. *Carver v. Chevron U.S.A, Inc.*, 14 Cal. Rptr. 3d 467, 471 (Cal. Ct. App. 2004) ("The Cartwright Act contains a unilateral fee–shifting provision that allows an award of attorney fees to a prevailing plaintiff . . . .") (internal citations omitted). Given the scope of requested relief, such fees, if warranted, could themselves run into the millions of dollars, further establishing that the amount-in-controversy requirement is satisfied. *See, e.g.*, *Anderson v. Starbucks Corp.*, 556 F.Supp.3d 1132, 1138-39 (N.D. Cal. 2020) (finding attorneys' fee estimate of 25 percent reasonable).

33. For the foregoing reasons, removal is proper pursuant to CAFA.

WHEREFORE, Defendant hereby removes this action now pending against it in the Superior Court of California, County of Santa Clara, to this Honorable Court.

Dated: April 29, 2025                                                    *Respectfully submitted,*

By:    */s/ Justina K. Sessions*
       Justina K. Sessions
       **FRESHFIELDS US LLP**
       855 Main Street
       Redwood City, CA 94063
       Telephone: (650) 618-9250
       justina.sessions@freshfields.com