UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST  LITIGATION                                                                               MDL No. 3010


TRANSFER ORDER


     **Before the Panel:** Plaintiff in the action listed on Schedule A (*Kande*) moves under Panel Rule 7.1 to vacate the order conditionally transferring the action to MDL No. 3010.  Defendants Google LLC and Alphabet, Inc. (together, Google) oppose the motion and support transfer.

     After considering the argument of counsel, we find that *Kande* involves common questions of fact with the actions transferred to MDL No. 3010, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order establishing MDL No. 3010, we explained that "[t]he actions concern Google's alleged monopolization and suppression of competition in online display advertising" – an industry that involves high-speed electronic trading venues called "exchanges" that advertisers and online publishers use to manage the buying and selling of ad space on web sites and mobile apps.  *See In re Digital Advertising Antitrust Litig.*, 555 F. Supp. 3d 1372, 1373 (J.P.M.L. 2021). We observed that the actions commonly alleged that Google runs the largest ad exchange ("AdX") and has engaged in numerous kinds of unlawful acts to suppress competition, causing injuries to advertisers and publishers that participate in its exchange by imposing supracompetitive pricing and depriving them of revenue.  *See id.* at 1373-74.  Like the actions in the MDL, *Kande* alleges that Google has monopolized and suppressed competition in digital display advertising, including alleged markets for electronic ad exchanges and certain ad-buying tools.  Moreover, the putative class of advertisers in *Kande* is completely subsumed by the proposed nationwide class of advertisers in the MDL.  Thus, the action will benefit from common discovery and pretrial proceedings.

     In opposition to transfer, plaintiff principally argues that (1) his request for "public injunctive relief" under California law makes *Kande* meaningfully distinct from the actions in the MDL and, in particular, distinguishes *Kande* from a recent arbitrability ruling in the MDL; (2) the MDL is too advanced to include *Kande*; and (3) plaintiff's remand motion is most efficiently resolved in his chosen forum in California.  We find these arguments unpersuasive.

First, the alleged case-specific relief requested in *Kande* does not weigh against transfer. Both *Kande* and the MDL actions allege that Google dominates the digital display advertising ecosystem and has engaged in unlawful monopolization of the ad exchange and ad-buying tools markets. The potential involvement of allegedly unique relief issues in *Kande* is dwarfed by this common factual core. Moreover, it is well-established that "[t]ransfer does not require a complete identity of common factual issues, and the presence of additional facts or differing legal theories is not significant when . . . the actions still arise from a common factual core." *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014).

We also note that the issue of "public injunctive relief" under California law previously has been the subject of pretrial motions in the MDL in the context of whether a mandatory arbitration clause in defendants' terms of service applies to certain plaintiffs. *See In re Google Digital Advertising Antitrust Litig.*, 763 F. Supp. 3d 563 (S.D.N.Y. 2025). Transfer of *Kande* to the MDL will prevent inconsistent rulings on arbitrability and other common issues.[1]

Second, the advanced status of the MDL does not weigh against transfer. The voluminous discovery previously produced in the MDL is relevant to the claims in *Kande*. The transferee court is in the best position to supervise any discovery sharing and any new discovery requests that plaintiff may assert. Additionally, the transferee judge has developed an expertise in the complex ad tech issues presented in this litigation and that expertise likely will lead to efficiencies in adjudicating *Kande*. Significant pretrial proceedings remain in progress that will benefit *Kande*, including resolution of the pending motion to certify a nationwide advertiser class (which includes the class proposed in *Kande*) and motions for summary judgment.

Third, plaintiff's pending remand motion does not prevent transfer. Plaintiff's concern about the potential need for case-specific jurisdictional discovery is essentially a case management issue that is appropriate to raise with the transferee judge. His further assertion that the transferee judge is too burdened to issue a timely ruling on his remand motion is speculative. Transferee courts routinely manage case-specific remand motions. Moreover, the Panel has held that a pending motion for remand to state court is not an impediment to transfer as the parties can present such arguments to the transferee court. *See In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).

Plaintiff alternatively requests a stay of any transfer until the transferor court decides its remand motion, but there is no persuasive basis to do so. The Panel's longstanding practice is to rule on transfer even though a remand motion is pending, as the transferee court can rule on the motion to remand if it is not resolved before transfer.

---

[1] Plaintiff asserts that the MDL ruling on arbitrability does not apply to *Kande*. Plaintiff can raise these arguments before the transferee court.

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable P. Kevin Castel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION**                                                      MDL No. 3010

**SCHEDULE A**

<u>Northern District of California</u>

KANDE v. GOOGLE LLC, C.A. No. 3:25-03733